# EXHIBIT A



1101 Laurel Oak Road
Voorhees, NJ 08043

April 18, 2020

Catherine Cabalo, Esq.
Peiffer Wolf Carr & Kane, PLC
4 Embarcadero Center
Suite 1400
San Francisco, CA 94111
Via Email to: ccabalo@pwcklegal.com

Rosemary Barajas
Uber Technologies, Inc.
1455 Market Street
Suite 400
San Francisco, CA 94103
Via Email to: rbarajas@uber.com

**Case Number: 01-20-0003-9204**

Lucia Greco
-vs-
Uber Technologies, Inc.

Dear Parties:

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA").

Prior to the filing of this arbitration, Uber Technologies, Inc. failed to comply with the AAA's policies regarding consumer claims. Accordingly, we must decline to administer this claim and any other claims between Uber Technologies, Inc. and its consumers at this time. These policies can be found on our web site, www.adr.org, in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the Costs of Arbitration.

Accordingly, we have administratively closed our file and will refund any payment received by the filing party. According to R-1(d) of the Consumer Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

If you believe we have declined this matter in error, please email ConsumerFiling@adr.org.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 3 months after the date of this letter.

If Uber Technologies, Inc. advises the AAA in the future of its intention to comply with the AAA's Consumer Arbitration Rules and if applicable, resolves any outstanding payment obligations, the AAA may consider at its sole discretion, accepting newly filed consumer cases going forward. Therefore, if Uber Technologies, Inc.

wishes for the AAA to consider accepting consumer disputes going forward, Uber Technologies, Inc. must, at a minimum, register its clause on the Consumer Clause Registry on our website, [www.adr.org/clauseregistry](www.adr.org/clauseregistry). Upon completion of the registration process and confirmation from the AAA that Uber Technologies, Inc. is now active on the Consumer Clause Registry, Uber Technologies, Inc. is responsible for informing all parties that Claimant may re-file their claim.

Sincerely,

Consumer Filing Team
ConsumerFiling@adr.org
Fax: (877) 304-8457

cc:
Tien Le
Tracey Cowan, Esq.