Andrew M. Spurchise, Bar No. 245998
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719

Alice H. Wang, Bar No. 289631
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone:   415.433.1940
Facsimile:   415.399.8490

Attorneys for Defendants
UBER TECHNOLOGIES, INC.; RASIER, LLC;
and RASIER-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LUCIA GRECO,<br><br>  Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; and RASIER-CA, LLC,<br><br>  Defendants. | Case No. 4:20-cv-02698-YGR<br><br>**DECLARATION OF MORGAN T. JACKSON IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC AND RASIER-CA, LLC'S MOTION TO COMPEL ARBITRATION**<br><br>Date: August 11, 2020<br>Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Location: 1301 Clay Street, Ctrm. 1, 4th Floor.<br><br>Complaint Filed: April 19, 2020 |

Declaration of Morgan T. Jackson in Support of Defendants' Motion to Compel Arbitration    1.    (Case No. 4:20-cv-02698-YGR)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

I, Morgan T. Jackson, declare and state:

1. I am over the age of 18 and I submit this declaration in support of Defendants Uber Technologies, Inc. ("Uber"), Rasier, LLC ("Rasier"), and Rasier-CA, LLC's ("Rasier-CA") (collectively, "Defendants") Motion to Compel Arbitration. I have personal knowledge of each fact stated in this declaration and, if called as a witness, I could and would competently and truthfully testify thereto.

2. I am a Senior Counsel, Litigation at Uber Technologies, Inc.

3. According to information provided by the American Arbitration Association ("AAA"), on March 27, 2020 Plaintiff Lucia Greco filed a demand with the AAA") that asserted a claim against Uber Technologies, Inc. Ms. Greco and her attorneys did not at that time serve the AAA Demand on Uber's agent for service of process or otherwise, and neither did AAA.

4. Uber first received notice of the existence of Plaintiff's AAA Demand on April 18, 2020, when the AAA sent a letter to Plaintiff's counsel and a paralegal for Uber, referencing the Demand and stating the AAA had "administratively closed" the arbitration that Plaintiff had filed. A copy of the April 18, 2020 AAA Letter is attached to Plaintiff's federal Complaint as Exhibit A. As can be seen in Exhibit A to the Complaint, the AAA's letter stated that it administratively closed Plaintiff's arbitration because the AAA believed that Uber did not comply with its policies regarding consumer claims.

5. Plaintiff finally served Uber with her AAA Demand via Uber's agent for service of process on April 21, 2020, after AAA had "administratively closed" the Plaintiff's arbitration. Attached hereto as **Exhibit A** is a true and correct copy of the AAA Demand served by Plaintiff.

6. Shortly after I became aware of the April 18, 2020 Letter and Plaintiff's Demand, Uber employees promptly contacted the AAA. I then had a telephone call with AAA. On that call, I received confirmation from AAA that the AAA decided to not administer Uber consumer matters on or around March 6, 2020, all unbeknownst to Uber, because Uber had not paid certain fees in two unrelated matters pending before the AAA in which Uber was the respondent.

7. Uber was unaware of both the unpaid fees in those unrelated matters and the AAA's

Declaration of Morgan T. Jackson in Support
of Defendants' Motion to Compel Arbitration
2.
(Case No. 4:20-cv-02698-YGR)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

decision to not administer Uber consumer cases because the AAA's communications about these issues were not sent to the Uber employees who were managing the matters in which fees were due, and thus the Uber employees Uber expected would have received such communications. We have no knowledge of AAA following up with a phone call to anyone at Uber regarding the unpaid fees or any impending refusal to administer Uber consumer matters, prior to or after the AAA's decision to not administer consumer cases involving Uber.

8. Additionally, between March 6, 2020, when the AAA decided to not administer Uber consumer matters (which Uber only learned about over a month later), but before the AAA's April 18, 2020 Letter, the AAA sent Uber communications regarding its administration of other AAA consumer cases. Attached hereto as **Exhibits B and C** are such letters from the AAA. Such communications did not indicate that AAA had decided not to administer Uber consumer matters.

9. Uber had and has no intention whatsoever of either being denied arbitration administration by AAA or in any way waiving its right to resolve disputes with Ms. Greco through arbitration. Thus, within days after learning about this issue Uber resolved these issues with AAA. The AAA then reinstated Uber to its consumer arbitration registry on April 30, 2020, which permitted Uber to continue arbitrating consumer cases before the AAA.

10. Uber asked the AAA to allow the arbitration filed by Plaintiff to proceed. On April 30, 2020, the AAA sent a letter to Uber and Plaintiff's counsel stating that, because the case had already been administratively closed, "the AAA will not reopen the matter unless the parties agree to reopen the matter, or the AAA will abide by any court order directing the manner in which the previously closed case should or should not proceed." Alternatively, the AAA stated that it "would administer this case" if Plaintiff were to refile her demand. Attached hereto as **Exhibit D** is a true and accurate copy of the April 30, 2020 AAA Letter.

11. After the AAA sent the April 30, 2020 letter, I informed Plaintiff's counsel that Uber is ready and willing to resolve Plaintiff's claims in arbitration, as the parties had agreed. Plaintiff's counsel informed me that Plaintiff is unwilling to refile her demand with the AAA, claiming the arbitration agreement between Uber and Plaintiff was "non-binding."

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Declaration of Morgan T. Jackson in Support   3.   (Case No. 4:20-cv-02698-YGR)
of Defendants' Motion to Compel Arbitration

12. At no point did the AAA ask Uber to pay any fees in connection with Plaintiff's arbitration demand. Uber is ready and willing to pay any standard fees associated with Plaintiff's claims.

13. Uber at no point in time intended to forego its contractual right to arbitration of disputes with Plaintiff.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this 17th day of July, 2020 at Mill Valley, California.

                                                */S/ Morgan T. Jackson*
                                                MORGAN T. JACKSON

### **FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1, I attest that concurrence in the filing of this document has been obtained by the signatory and that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: July 17, 2020                      */S/ Andrew Spurchise*
                                           ANDREW M. SPURCHISE
                                           LITTLER MENDELSON, P.C.

4816-9728-0706.3 073208.1995

Declaration of Morgan T. Jackson in Support of Defendants' Motion to Compel Arbitration     4.     (Case No. 4:20-cv-02698-YGR)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940