Adam B. Wolf, Bar No. 215914
Catherine Cabalo, Bar No. 248198
Tracey B. Cowan, Bar No. 250053
PEIFFER WOLF CARR KANE & CONWAY
A Professional Law Corporation
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: 415.766.3592
Facsimile: 415.402.0058
Email: awolf@pwcklegal.com
ccabalo@pwcklegal.com
tcowan@pwcklegal.com

Attorneys for Plaintiff LUCIA GRECO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LUCIA GRECO,<br>Plaintiff,<br>v.<br>UBER TECHNOLOGIES, INC.; RASIER, LLC; and RASIER-CA, LLC,<br>Defendants. | Case No. 4:20-cv-02698-YGR<br>**DECLARATION OF PLAINTIFF LUCIA GRECO IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br>Date: September 8, 2020<br>Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Location: 1301 Clay Street, Ctrm. 1, 4th Fl.<br>Complaint Filed: April 19, 2020 |

I, Lucia Greco, hereby declare as follows:

1. I have personal knowledge of the facts stated herein. If called as a witness in court, I could truthfully testify to them.

2. I am the Plaintiff in the above-captioned lawsuit. I submit this Declaration in support of my Opposition to Defendants' Motion to Compel Arbitration.

3. I am visually impaired and use a guide dog to travel safely and independently.

4. Due to my visual impairment, I cannot drive and must rely on public transportation, taxis,

and rideshare taxi services such as that provided by Defendants Uber Technologies, Inc. ("Uber"); Rasier, LLC; and Rasier-CA, LLC.

5. When I book rides through Uber's rideshare application (the "Uber App"), I am repeatedly denied service because Uber drivers refuse to allow my guide dog in their vehicles.

6. I use screen-reading technology to translate text on my mobile phone and computer to be read out loud to me. I am unable to access any programs or applications on my mobile phone or computer unless the programs and applications were created to be accessible to visually disabled users (*i.e.*, can be read by screen-reading technology).

7. When I signed up for the Uber App in 2013, I could not access or read Uber's "Terms and Conditions" and much of the sign-up process, because several screens on the Uber App were inaccessible to my mobile phone screen reader.

8. Despite Uber's representations that it sent me an email in November 2016 alerting me of an update to its Terms and Conditions, I am certain that I never received any such email. After signing up for the Uber App, I created an email filter that would direct all incoming emails from Uber to a specific file in my email inbox. With the exception of advertisements (*i.e.*, deals on rides or special services from 3rd party vendors), I have kept all emails from Uber. Additionally, because of my involvement as a witness in the *Nat'l Fed'n of the Blind of Cal. v. Uber Techs., Inc.*, Case No. 14-cv-04086-NC, 2016 U.S. Dist. LEXIS 192176, (N.D. Cal. 2016) case ("NFB case"), I had a specific reason to keep careful track of any emails from Uber. My Uber email file reveals that I did not receive any email from Uber in November 2016 regarding alleged updates to its Terms and Conditions.

9. Although I did not have independent knowledge of Uber's Terms and Conditions, I acknowledge that I learned of the Terms and Conditions and the arbitration provision contained in them through the NFB case and my counsel in the above-captioned case.

10. I worked with my counsel in this case to prepare and file a Demand for Arbitration with the American Arbitration Association ("AAA") on March 27, 2020. I filed my claim with the AAA in good faith and with the full intention of proceeding with arbitration.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on 8/14/2020 in Berkeley, California.

DocuSigned by:

Lucia Greco

77184D82C6F9443...

Lucia Greco