Adam B. Wolf, CA Bar No. 215914
Catherine Cabalo, CA Bar No. 248198
Tracey B. Cowan, CA Bar No. 250053
Peiffer Wolf Carr Kane & Conway, APLC
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:    415.766.3592
Facsimile:     415.402.0058
Email: awolf@peifferwolf.com
           ccabalo@peifferwolf.com
           tcowan@peifferwolf.com

Attorneys for Plaintiff LUCIA GRECO

[*ATTORNEYS FOR DEFENDANTS LISTED ON SECOND PAGE*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LUCIA GRECO,<br><br>           Plaintiff,<br><br>     vs.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; and RASIER-CA, LLC,<br><br>           Defendants. | Case No.  4:20-cv-02698-YGR<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:       October 19, 2020<br>Time:      2:00 p.m.<br>Place:     Zoom<br>Judge:    Hon. Yvonne Gonzalez Rogers |

Andrew M. Spurchise, Bar No. 245998
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719

Alice H. Wang, Bar No. 289631
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California  94104
Telephone:    415.433.1940
Facsimile:    415.399.8490

Kelly Woodruff, Bar No. 160235
California Appellate Law Group LLP
96 Jessie Street
San Francisco, CA 94105
Telephone:    415.649.6700
Facsimile:    415.726.2527

Attorneys for Defendants
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

Plaintiff Lucia Greco ("Plaintiff") and Defendants Uber Technologies, Inc.; Raiser, LLC; and Raiser-CA, LLC ("Defendants") (collectively, the "Parties") submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018 and Civil Local Rule 16-9.

## I. Jurisdiction and Service

### A. Plaintiff's Position

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* The Court has supplemental jurisdiction over the claims brought under California's Unruh Civil Rights Act ("Unruh Act") pursuant to 28 U.S.C. § 1367(a), as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)-(c) and is founded on the fact that Plaintiff's cause of action arose in this district.

### B. Defendants' Position

This matter should proceed in arbitration pursuant to the Parties' valid and enforceable arbitration agreement, and should be stayed during their pending appeal.

### C. Joint Position

All Parties have been served.

## II. Facts

### A. Plaintiff's Position

Plaintiff Lucia Greco is visually impaired and uses a guide dog. On numerous occasions, Ms. Greco has been denied rides on a rideshare application owned and operated by Defendant Uber Technologies, Inc. ("Uber") because drivers refuse to take her guide dog. Ms. Greco is often left standing on the side of the road due to a ride denial, which places her in a vulnerable and dangerous situation. Sometimes she has been denied by different drivers multiple times a week, or even multiple times a day, highlighting the pervasiveness of the problem. As a result of these service denials, Ms. Greco has been stranded without a ride, repeatedly delayed on her schedule, and forced to expend more money on her travels.

Because of the denials, Ms. Greco is frequently late to work or other appointments and consequently never has the certainty of knowing that she will be able to arrive at a given location on time. In short, Ms. Greco has suffered extreme difficulty because Uber drivers refuse to provide her with rides due to her service animal.

Ms. Greco has identified dozens of instances that Uber drivers denied rides to her because she has a guide dog within the two years preceding the filing of her claims. Such denials of rides violate the ADA and its state analog, the Unruh Act.

Uber and its subsidiaries, Defendants Raiser, LLC and Raiser-CA, LLC, are responsible for these violations. They are covered entities under the ADA—liable for the denials because they are private businesses primarily engaged in the transportation of people, whose business affects commerce. In several similar cases, this Court has refused to dismiss claims against Uber based on Uber's argument that it is not a covered entity under the ADA because it is a technology company and not a transportation company. *See e.g. O'Connor v. Uber Techs. Inc.*, 82 F. Supp. 3d 1133, 1141-42 (N.D. Cal. 2015); *Crawford v. Uber Techs., Inc.*, 2018 U.S. Dist. LEXIS 33778 at *10-*13 (N.D. Cal. 2018).

Uber has failed to train its drivers properly and permits them to deny access to Ms. Greco when, as always, she is with her guide dog. Uber has failed to make reasonable modifications in its policies, practices, or procedures to avoid continued discrimination against blind or visually impaired riders like Ms. Greco. Uber is also liable for Uber drivers because 1) Uber has a nondelegable duty to comply with the ADA, and 2) Uber Drivers are Uber's agents and employees. Uber is thus both directly and vicariously liable for violating the ADA each time one of its drivers denied Ms. Greco access to a ride on the basis of her guide dog.

**B.     Defendants' Position**

Defendant Uber Technologies, Inc. ("Uber") is a San Francisco-based technology company that connects the requests of riders looking to network with independent, third-party transportation service providers ("drivers") via Uber's innovative technology platform.  The technology platform is accessed by riders and drivers through software applications available on smartphones (the "Uber

Apps"). Uber does not perform or provide any transportation itself, does not own, lease, or operate any vehicles for transporting riders, and does not employ drivers to operate vehicles, or contract with drivers to provide transportation of Uber's behalf. Drivers are neither Uber's employees nor agents. Plaintiff acknowledged these facts. Defendants dispute Plaintiff's characterization of the basis of the Court's decisions in *Crawford* and *O'Connor*, and neither case held that Uber is a transportation company.

Defendants Raiser, LLC and Rasier-CA, LLC are wholly-owned subsidiaries of Uber.

The relationship between Defendants and drivers is solely in the nature of a contractual relationship between separate business ventures, but Uber expects the drivers to comply with any ADA and associated state law requirements that may apply to them. Uber maintains comprehensive policies aimed at discrimination, whether by riders or drivers, including service animal discrimination.

On April 19, 2020, Plaintiff, a purportedly visually-impaired individual who travels with a guide dog, breached her agreement with Uber by filing the instant lawsuit against Defendants Uber, Rasier, LLC, and Rasier-CA, LLC, alleging violations of Title III of the Americans with Disabilities Act ("ADA") and of the California Unruh Act.

Defendants deny that they have engaged in any wrongdoing, deny that they are liable for any of the claims asserted in the Complaint, and deny that Plaintiff is entitled to any damages, penalties, or other relief sought from Defendants. Instead, Plaintiff should pursue her claims against the individuals who actually committed any unlawful discrimination. Defendants further contend that this case should be resolved in arbitration, not before this Court, pursuant to the valid and enforceable arbitration provision contained in Uber's Terms and Conditions to which Plaintiff consented twice. Following this Court's denial of Defendants' Motion to Compel Arbitration (Dkt. No. 32), Defendants timely appealed the Court's Order Denying Arbitration (the "Order") (Dkt. No. 33), and filed a Motion to Stay ("Motion to Stay") these proceedings pending appeal of the Order (Dkt. No. 39-40).

As explained in greater detail in the Motion to Stay, these proceedings should be stayed pending Defendants' appeal. Defendants respectfully submit that the Case Management Conference currently scheduled for October 19, 2020 at 2:00 PM should be continued until after Defendants' Motion to Stay is heard.

## III. Legal Issues

### A. Plaintiff anticipates the following legal issues:

Plaintiff contends the main legal issues at this time include but are not limited to:

(1) whether Defendants are covered entities under Title III of the ADA;

    a. whether Defendants are "transportation providers" under 42 U.S.C. § 12184;

    b. whether Defendants are "transportation providers" that operate a "demand responsive system" as described in 49 C.F.R. Part 37, App. D., § 37.29;

(2) whether Defendants are a business establishment within the meaning of the Unruh Act;

(3) whether Defendants are vicariously liable for the acts of their drivers under agency principles;

(4) whether Defendants are vicariously liable for the acts of their drivers because they have non-delegable duties under the ADA;

(5) whether Defendants are directly liable for failing to make reasonable modification in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals — like Ms. Greco — who use service animals as an accommodation for a visual disability, despite the fact that Uber cannot demonstrate that making the necessary modifications would fundamentally alter the nature of the transportation services it offers;

(6) whether Defendants are directly liable for failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals, despite the fact that taking such steps would not fundamentally alter the nature of Uber's services and would furthermore not constitute an undue burden on Uber or its employees;

(7) whether Defendants are directly liable failing to ensure that their drivers are "trained to proficiency" to interact with and provide services to blind and visually impaired riders with guide dogs;

(8) whether Defendants are violating California Civil Code § 51, *et seq.*, by failing to provide full and equal access to people with mobility disabilities;

(9) whether Defendants intentionally discriminated against Ms. Greco; and

(10) whether Ms. Greco is entitled to damages, and the nature of such damages.

**B.     Defendants anticipate the following legal issues:**

Once the issue of the proper forum is resolved, Defendants note the following legal issues in addition to the legal issues identified by Plaintiff (although Defendants disagree with Plaintiff's characterizations of the legal issues):

(1)     Whether Plaintiff should be required to arbitrate her dispute with Defendants and whether this Court has jurisdiction pending Defendants' appeal;

(2)     Whether Plaintiff has stated a valid cause of action;

(3)     Whether Plaintiff's lawsuit is judicially estopped from proceeding, and/or she has released the claims asserted herein, because she is a member of a class which entered into a nationwide class action settlement agreement and release with Defendants in *National Federation of the Blind v. Uber Technologies, Inc.*, Case No. 3:14-cv-04086-NC (N.D. Cal.);

(4)     Whether drivers are employees or agents of Defendants;

(5)     Whether Defendants are governed by the ADA and, if so, whether they violated it.

**IV.   Motions**

Defendants filed a Motion to Compel Arbitration (ECF 21), which the Court denied (ECF 32). Defendants timely appealed. Defendants have recently filed a Motion to Stay Pending Appeal, which

is presently scheduled to be heard on November 17, 2020. ECF 40. If a stay pending appeal is not granted by this Court or by the Ninth Circuit or otherwise, Defendants intend to file a Motion for Judgment on the Pleadings, and Plaintiff anticipates filing a Motion for Summary Judgment or Motion for Partial Summary Judgment.

**V.      Amendment of Pleadings**

The Parties do not currently anticipate amending any pleadings at this stage.

**VI.     Evidence Preservation**

Plaintiff's counsel warrant that they have told their client on multiple occasions that she must retain potentially relevant documents. Defendants' counsel warrant that Defendants are aware of their obligations to preserve evidence and have taken appropriate steps to do so.

If Defendants' Motion to Stay Pending Appeal is denied, the Parties will promptly meet and confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and appropriate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties also have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

**VII.    Disclosures**

The Parties have not yet exchanged their initial disclosures required under Rule 26 and General Order No. 56, but will comply with such obligations if this case proceeds in this Court. The Parties consent to exchange initial disclosures (and all other documents) via email.

**VIII.   Discovery**

   **A.     Plaintiff's Position**

Plaintiff will engage in discovery if the Parties are unable to resolve Plaintiff's claims within General Order 56. Once the Parties are administratively released from General Order 56, Plaintiff anticipates serving Defendants with discovery requests. These requests will include Requests for Production, Interrogatories, Requests for Admissions, and Notices of Depositions. Plaintiff anticipates taking Federal Rule of Civil Procedure 30(b)(6) depositions, in addition to fact-witness and expert depositions.

1  Defendants refuse to anticipate any discovery on the assumption that their stay motion will be
2  granted. But such motions to stay can be granted only upon a showing of good cause, and Plaintiff's
3  opposition will show that good cause does not exist and that Uber is not facing irreparable injury
4  absent a stay. Moreover, Plaintiff's opposition will demonstrate that a stay would harm Plaintiff.

### B. Defendants' Position

Defendants do not feel it is appropriate to open discovery when their appeal of the Order denying arbitration is pending.  There will be minimal, if any, harm to Plaintiff should discovery be stayed pending resolution of Defendants' appeal, whereas, as explained in Defendants' Motion to Stay, Defendants would suffer irreparable harm if forced to litigate Plaintiff's claims pending appeal. (Dkt. No. 40 at pp. 15-16.)  There is simply no reason not to delay discovery until the issue on appeal is resolved.

### C. Joint Position

The Parties agree to meet and confer on any issues about claims of privilege or protection and will comply with this Court's Standing Orders regarding any Stipulated Protective Orders.

## IX. Class Actions

This matter is not a class action.

## X. Related Cases

There are no cases related to this matter pending before another court or administrative body. Defendants note that there is overlap in the parties and legal issues between this case and the *National Federation of the Blind* case; however that case settled and the settlement has concluded.

## XI. Relief

### A. Plaintiff's Position

Plaintiff seeks declaratory relief and damages. Plaintiff's claims and request for relief are not precluded by the *National Federation of the Blind* case, as the settlement in that case was limited to injunctive relief only, and as noted above, the effective period of the settlement has concluded.

/ / /

/ / /

Plaintiff has prayed that this Court:

(1) Issue a declaratory judgment that Uber: (a) violated Title III of the ADA and California's Unruh Act through the acts of its Drivers in failing to provide service to Ms. Greco on the basis of her service dog, and (b) directly violated Title III of the ADA and California's Unruh Act by failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar disabilities in violation of the rights of Plaintiff and other similarly-situated persons under these laws;

(2) Award to Plaintiff all appropriate damages under the Unruh Act, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

(3) Award punitive damages;

(4) Award all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; the Unruh Civil Rights Act, California Civil Code § 52; and California Code of Civil Procedure § 1021.5;

(5) Award prejudgment interest pursuant to California Civil Code § 3291; and

(6) Award interest on monetary awards as permitted by law.

**B.     Defendants' Position**

Defendants deny the allegations in the Complaint and deny that Plaintiff is entitled to any of the relief sought from Defendants.

**XII.   Settlement and ADR**

The Parties will conduct the General Order No. 56 settlement meeting if the Court denies Uber's stay motion, and the action is not otherwise stayed by a higher court. Pending this Court's approval, the settlement meeting will be held via video conference.

**XIII.  Consent to Magistrate Judge for All Purposes**

Plaintiff does not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

XIV. **Other References**

This matter is not suitable at this time for reference to a special master or the Judicial Panel on Multidistrict Litigation. It is Defendants' position that this case should proceed in arbitration.

XV. **Narrowing of Issues**

The Parties do not believe that there are any issues that can be narrowed by agreement or motion at this time, and do not have any suggestions on the expedition of the presentation of evidence at trial. The Parties will continue to work reasonably together in this regard if opportunities arise in the future.

XVI. **Expedited Trial Schedule**

Not applicable.

XVII. **Scheduling**

    A.    **Plaintiff's Position**

Designation of Affirmative Experts: 120 days before trial

Designation of Rebuttal Experts:  90 days before trial

Fact discovery cutoff:  120 days before trial

Hearing of summary judgment motions:  45 days before trial

Pretrial Conference:  30 days before trial

Trial:  January 25, 2022

Defendants' refusal to provide proposed deadlines is based on an erroneous assumption that their stay motion will be granted. As this Court knows, stays during appeals based on the denial of an arbitration motion are not automatic and can be granted only upon a showing of good cause.

    B.    **Defendants' Position:**

It is Defendants' position that proposing scheduling dates is wholly premature at this juncture where (1) Defendants' Motion to Stay is pending; and (2) Defendants' appeal of this Court's Order denying arbitration is pending. While these motions are pending, it is unclear whether Plaintiff's lawsuit will, or should, be proceeding in the instant forum as a threshold matter.

9
JOINT CMC STATEMENT
CASE NO: 4:20-CV-02698-YGR

XVIII. **Trial**

Plaintiff contends that trial is anticipated to last 7-10 court days.

XIX. **Disclosure of Non-Party Interested Entitles or Persons**

The Parties are not aware of any persons, associations of person, firms, partnerships, corporations, or other entities that have a financial or any other type of interest in this proceeding.

XX. **Professional Conduct**

The Parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California and will abide by them.

XXI. **Other**

There are no other issues that the parties anticipate addressing with the Court at the time of the initial case management conference.

Dated:  October 12, 2020					PEIFFER WOLF CARR KANE & CONWAY, APLC


						By:	*/s/ Catherine Cabalo*
							Catherine Cabalo
							Attorney for Plaintiff LUCIA GRECO


Dated:  October 12, 2020					LITTLER MENDELSON, P.C.


						By:	*/s/ Andrew M. Spurchise*
							Andrew M. Spurchise
							Attorneys for Defendants UBER
							TECHNOLOGIES, INC.; RAISER, LLC; and
							RAISER-CA, LLC

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from the other signatory whose signature is indicated by a conformed signature ("/s/") within this e-filed document.


Dated: October 12, 2020				*/s/ Catherine Cabalo*
						Catherine Cabalo

10

JOINT CMC STATEMENT
CASE NO: 4:20-CV-02698-YGR