1  Andrew M. Spurchise, Bar No. 245998
   LITTLER MENDELSON, P.C.
2  900 Third Avenue
   New York, New York 10022.3298
3  Telephone: 212.583.9600
   Facsimile: 212.832.2719
4
5  Alice H. Wang, Bar No. 289631
   LITTLER MENDELSON, P.C.
6  333 Bush Street, 34th Floor
   San Francisco, California 94104
7  Telephone:   415.433.1940
   Facsimile:   415.399.8490
8
9  Attorneys for Defendants
   UBER TECHNOLOGIES, INC.; RASIER, LLC;
10 and RASIER-CA, LLC
11
12             UNITED STATES DISTRICT COURT
13           NORTHERN DISTRICT OF CALIFORNIA
14               SAN FRANCISCO DIVISION
15
16 LUCIA GRECO,                    Case No.  4:20-cv-02698-YGR
17        Plaintiff,               **DEFENDANTS' FIRST AMENDED
                                   ANSWER TO PLAINTIFF'S COMPLAINT**
18    v.
                                   Complaint Filed:  April 19, 2020
19 UBER TECHNOLOGIES, INC.; RASIER,
   LLC; and RASIER-CA, LLC,
20
          Defendants.
21
22
23
24
25
26
27
28

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

1.

(Case No.  4:20-CV-02698-YGR)

1      Defendants UBER TECHNOLOGIES, INC., RASIER, LLC and RASIER-CA, LLC

2  (collectively, "Defendants") submit the following First Amended Answer and Affirmative Defenses

3  to the Complaint filed by Plaintiff LUCIA GRECO ("Plaintiff" or "Greco") on April 19, 2020

4  (hereinafter "Complaint").   Responding to the correspondingly numbered paragraphs of the

5  Complaint, Defendants state as follows:

6                               **INTRODUCTION**

7      1.    Answering Paragraph 1 of the Complaint, Defendants respond that it consists

8  of legal conclusions to which no response is necessary.   To the extent a response is required,

9  Defendants admit that Plaintiff purports to bring this action alleging lack of disabled access to services

10  provided by Defendant Uber Technologies, Inc. ("Uber").   However, Defendants deny any and all

11  wrongdoing, deny that they or any of them "provides" rideshare taxi services," and further deny the

12  remaining allegations in Paragraph 1.

13      2.    Answering Paragraph 2 of the Complaint, Defendants lack sufficient

14  knowledge or information as to the truth of the allegations contained in this Paragraph and on that

15  basis deny said allegations.

16      3.    Answering Paragraph 3 of the Complaint, Defendants respond that it consists

17  of legal conclusions and argument to which no response is necessary.  Defendants admit the following:

18  that Uber is a company based in California and that Rasier, LLC and Rasier-CA, LLC are Uber's

19  subsidiaries. Except as so specifically admitted, Defendants deny each and every allegation in said

20  Paragraph.

21      4.    Answering Paragraph 4 of the Complaint, Defendants respond that it consists

22  of legal conclusions and argument to which no response is necessary.   To the extent a response is

23  required, Defendants deny each and every allegation in said Paragraph.

24      5.    Answering Paragraph 5 of the Complaint, Defendants respond that it consists

25  of legal conclusions and argument to which no response is necessary.   To the extent a response is

26  required, Defendants deny each and every allegation in said Paragraph.

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT        2.        (Case No.  4:20-CV-02698-YGR)

1

**JURISDICTION AND VENUE**

2      6.      Answering Paragraph 6 of the Complaint, Defendants contend that these

3 allegations are jurisdictional and do not require a response.  To the extent a response is required,

4 Defendants contend that this matter must proceed in arbitration pursuant to the parties' arbitration

5 agreement, not before this Court.  Except as so specifically admitted, Defendants deny the remaining

6 allegations in said Paragraph.

7      7.      Answering Paragraph 7 of the Complaint, the allegations are denied because

8 this matter should proceed in arbitration pursuant to the parties' arbitration agreement, not before this

9 Court.  Defendants admit that Uber is a company based in California and registered to do business in

10 San Francisco, California.   Except as so specifically admitted, Defendants deny the remaining

11 allegations in said Paragraph.

12      8.      Answering Paragraph 8 of the Complaint, Defendants admit that they are

13 subject to personal jurisdiction in the Northern District of California but contend that the Court lacks

14 jurisdiction and this matter must proceed in arbitration pursuant to the parties' arbitration agreement,

15 not before this Court.  Defendants deny any and all wrongdoing and further deny the remaining

16 allegations in said Paragraph.

17

**PARTIES**

18      9.      Answering Paragraph 9 of the Complaint, Defendants lack sufficient

19 knowledge or information as to the truth of the allegations contained in this Paragraph and on that

20 basis deny said allegations.

21      10.      Answering Paragraph 10 of the Complaint, Defendants admit the following:

22 that Uber Technologies, Inc. is a for-profit company based in San Francisco, California and

23 incorporated in Delaware, that Raiser, LLC and Rasier-CA, LLC are Uber's subsidiaries.  Defendants

24 deny any and all wrongdoing, and further deny the remaining allegations in said Paragraph.

25      11.      Answering Paragraph 11 of the Complaint, Defendants admit that Rasier, LLC

26 and Rasier-CA, LLC are wholly owned subsidiaries of Uber, but only Rasier-CA, LLC operates within

27 the state of California.  Defendants deny that Rasier, LLC operates within the state of California.

28

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT                          3.                      (Case No.  4:20-CV-02698-YGR)

Defendants contend that the remaining allegations in said Paragraph constitute legal conclusions and do not present allegations or averments that can be admitted or denied.

12. Answering Paragraph 12 of the Complaint, Defendants lack sufficient knowledge or information as to what Plaintiff has been informed or believes. Defendants admit that Raiser, LLC and Rasier-CA, LLC are Uber's subsidiaries. Except as so specifically admitted, Defendants deny each and every allegation in said Paragraph.

## FACTUAL ALLEGATIONS

**Uber's Operations**

13. Answering Paragraph 13 of the Complaint, Defendants admit that Uber operates in metropolitan cities across the U.S. Except as so specifically admitted, Defendants deny the remaining allegations in said Paragraph.

14. Answering Paragraph 14 of the Complaint, denied.

15. Answering Paragraph 15 of the Complaint, Defendants admit that Uber has developed rider facing and driver facing apps. Except as so specifically admitted, Defendants deny the remaining allegations in said Paragraph.

16. Answering Paragraph 16 of the Complaint, Defendants admit that Uber provides some information to riders through notifications and that Uber provides drivers with some riders' location. Uber admits that the rider facing and driver facing apps facilitate communication. Except as so specifically admitted, Defendants deny the remaining allegations in said Paragraph.

**Uber is Primarily Engaged in Transportation**

Uber denies any allegations in the unnumbered heading.

17. Answering Paragraph 17 of the Complaint, Defendants deny the allegations in said Paragraph.

18. Answering Paragraph 18 of the Complaint, Defendants admit that they have developed additional proprietary technologies related to the network formed by its technology, riders, and drivers. However, Defendants deny Plaintiff's characterization of Uber's business and that it offers or procures personal transportation.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT                    4.                    (Case No. 4:20-CV-02698-YGR)

19.    Answering Paragraph 19 of the Complaint, no response is required because the allegations are based on public filings and the filings speak for themselves, and Uber respectfully refers the court to them for their complete contents.  To the extent a response is required, Defendants deny the allegations in said Paragraph.

20.    Answering Paragraph 20 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny said allegations.

**Uber's Operations Affect Commerce**

21.    Answering Paragraph 21 of the Complaint, Defendants deny that they provide transportation services.  To the extent the allegations in said Paragraph are based on public filings, no response is required because the filings speak for themselves.  Except as so specifically admitted, Defendants deny the allegations in said Paragraph.

22.    Answering Paragraph 22 of the Complaint, Defendants admit that Uber is a public company.  Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

23.    Answering Paragraph 23 of the Complaint, to the extent the allegations in said Paragraph are based on public filings, no response is required because the filings speak for themselves.

**Uber Drivers Are Uber's Employees**

Uber denies the allegations in the unnumbered heading.

24.    Answering Paragraph 24 of the Complaint, Defendants respond that it consists of legal conclusions and argument to which no response is necessary.  To the extent a response is required, Defendants deny said allegations.

25.    Answering Paragraph 25 of the Complaint, Defendants admit that its rider facing app allows riders to request rides.  Defendants deny the remaining allegations in said Paragraph.

26.    Answering Paragraph 26 of the Complaint, Defendants deny the allegations in said Paragraph.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

5.

(Case No.  4:20-CV-02698-YGR)

1        27.    Answering Paragraph 27 of the Complaint, Defendants admit that Uber

2   provides optional navigation through its driver facing app.  Defendants deny the remaining allegations

3   in said Paragraph.

4        28.    Answering Paragraph 28 of the Complaint, Defendants deny the allegations in

5   said Paragraph.

6        29.    Answering Paragraph 29 of the Complaint, Defendants deny the allegations in

7   said Paragraph.

8        30.    Answering Paragraph 30 of the Complaint, Defendants admit that before

9   independent, third-party transportation providers are permitted to access the Uber Platform they must

10  undergo background checks and must meet certain requirements. Defendants deny the remaining

11  allegations in said Paragraph.

12        31.    Answering Paragraph 31 of the Complaint, Defendants admit that the Uber

13  Driver App offers optional navigation. Defendants deny the remaining allegations in said Paragraph.

14        32.    Answering Paragraph 32 of the Complaint, Defendants admit that independent,

15  third-party transportation providers using the Uber Driver App must state electronically, "Yes, I agree

16  to transport riders with Service Animals in my vehicle, and I consent to Uber's Service Animal

17  Policy."  Defendants admit that the Uber U.S. Service Animal Policy, at the time of this Answer being

18  filed, stated independent, third-party transportation providers using the Uber Driver App "CANNOT

19  lawfully deny service to riders with service animals because of allergies, religious objections, or a

20  generalized fear of animals."    Defendants deny the remaining allegations in said Paragraph.

21        33.    Answering Paragraph 33 of the Complaint, Defendants admit that, pursuant to

22  a Court-approved settlement in *National Federation of the Blind v. Uber Technologies, Inc*., 3:14-cv-

23  04086-NC (N.D. Cal.), and at least during the term of that settlement, an Access Complaint Team

24  investigates complaints alleging discrimination by independent, third-party transportation providers

25  against riders with service animals and other disability access issues.  Defendants admit that, if the

26  Access Complaint Team's investigation reveals that an independent, third-party transportation

27  provider knowingly refused to transport a rider with a service animal because of the service animal,

28  that provider's account will be permanently deactivated.  Defendants admit that it has been afforded

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT                            6.                    (Case No.  4:20-CV-02698-YGR)

"sole discretion" in making this determination.  Defendants further admit that if multiple plausible complaints are made against an independent, third-party transportation provider for refusing to transport a Rider with a service animal, that provider's account will be permanently deactivated. Except as specifically admitted, Defendants deny each and every allegation in said Paragraph.

34.     Answering Paragraph 34 of the Complaint, Defendants admit that both riders and independent, third-party transportation providers who do not abide by Uber's Service Animal Policy and/or Community Guidelines may be subject to investigation and their accounts temporarily or permanently blocked.  Defendants admit that Uber can and does remove platform access for independent third party transportation providers in connection with service animal related denials.  Except as specifically admitted, Defendants deny each and every remaining allegation in said Paragraph.

35.     Answering Paragraph 35 of the Complaint, Defendants deny the allegations of said paragraph.

**Ms. Greco's Claims**

36.     Answering Paragraph 36 of the Complaint, Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this Paragraph and on that basis deny said allegations.

37.     Answering Paragraph 37 of the Complaint, Defendants deny that they assign drivers.  Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this Paragraph and on that basis deny said allegations.

38.     Answering Paragraph 38 of the Complaint, Defendants deny that they have engaged in any wrongdoing or discriminatory practices.  Defendants further deny that they employ independent, third-party transportation providers or that such providers are agents of Defendants. Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this Paragraph and on that basis deny said allegations.

39.     Answering Paragraph 39 of the Complaint, Defendants deny that they have engaged in any wrongdoing or discriminatory practices.  Defendants further deny that they employ independent, third-party transportation providers or that such providers are agents of Defendants.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

7.

(Case No. 4:20-CV-02698-YGR)

1   Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this
2   Paragraph and on that basis deny said allegations.

3          40.    Answering Paragraph 40 of the Complaint, Defendants deny that they have
4   engaged in any wrongdoing or discriminatory practices.  Defendants lack sufficient knowledge or
5   information as to the truth of the allegations contained in this Paragraph and on that basis deny said
6   allegations.

7          41.    Answering Paragraph 41 of the Complaint, Defendants deny said allegations.

8          42.    Answering Paragraph 42 of the Complaint, Defendants deny that they have
9   engaged in any wrongdoing or discriminatory practices.  Defendants further deny that they employ
10  independent, third-party transportation providers or that such providers are agents of Defendants.
11  Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this
12  Paragraph and on that basis deny said allegations.

13         43.    Answering Paragraph 43 of the Complaint, Defendants lack sufficient
14  knowledge or information as to the truth of the allegations related to Ms. Greco's beliefs.  Defendants
15  deny that Uber should have records of every such violation at its disposal, and thus it is in the best
16  position to determine the precise number of discriminatory acts at issue.

17         44.    Answering Paragraph 44 of the Complaint, Defendants admit Ms. Greco has
18  submitted reports.  The remainder of the allegations are denied.

19         45.    Answering Paragraph 45 of the Complaint, Defendants admit that Uber has
20  removed platform access for some third party transportation providers following investigation of Ms.
21  Greco's reports.  The remainder of the allegations are denied.

22         46.    Answering Paragraph 46 of the Complaint, Defendants deny the allegations in
23  said Paragraph.

24         47.    Answering Paragraph 47 of the Complaint, Defendants deny the allegations in
25  said Paragraph.

26         48.    Answering Paragraph 48 of the Complaint, Defendants deny the allegations in
27  said Paragraph.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT                                        8.                    (Case No.  4:20-CV-02698-YGR)

49.     Answering Paragraph 49 of the Complaint, Defendants deny the allegations in said Paragraph.

50.     Answering Paragraph 50 of the Complaint, Defendants deny the allegations in said Paragraph.

51.     Answering Paragraph 51 of the Complaint, Defendants deny the allegations in said Paragraph.

**The Arbitration Agreement**

52.     Answering Paragraph 52 of the Complaint, Defendants admit that Plaintiff is bound by the arbitration provision contained in the operative version of the Terms of Use to which Plaintiff agreed.   Uber admits that, on or about March 27, 2020, Plaintiff filed a Demand for Arbitration with the American Arbitration Association ("AAA") alleging claims that are the subject of the instant lawsuit. Defendants lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

53.     Answering Paragraph 53 of the Complaint, Defendants admit that AAA sent the communication attached to the Complaint as Exhibit A.  The document speaks for itself and Defendants respectfully refer to it for its true and complete contents.

54.     Answering Paragraph 54 of the Complaint, Defendants respond that it consists of legal conclusions and argument to which no response is necessary, but to the extent a response is necessary, Defendants deny the allegations.

## FIRST CLAIM:

## VIOLATIONS OF THE ADA, TITLE III

## [42 USC §§ 12101 et seq.]

## (Alleged against All Defendants)

55.     Answering Paragraph 55 of the Complaint, Defendants incorporate by reference their admissions and denials set forth in the preceding Paragraphs.

56.     Answering Paragraph 56 of the Complaint, Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this Paragraph and on that basis deny said allegations.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT                                    9.                  (Case No.  4:20-CV-02698-YGR)

57.     Answering Paragraph 57 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny each and every allegation of said Paragraph.

58.     Answering Paragraph 58 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny each and every allegation of said Paragraph.

59.     Answering Paragraph 59 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny each and every allegation of said Paragraph.

60.     Answering Paragraph 60 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny each and every allegation of said Paragraph.

61.     Answering Paragraph 61 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny each and every allegation of said Paragraph.

62.     Answering Paragraph 62 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny each and every allegation of said Paragraph.

63.     Answering Paragraph 63 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny each and every allegation of said Paragraph

64.     Answering Paragraph 64 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny each and every allegation of said Paragraph.

65.     Answering Paragraph 65 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny each and every allegation of said Paragraph.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

10.

(Case No.  4:20-CV-02698-YGR)

66.     Answering Paragraph 66 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny each and every allegation of said Paragraph.

67.     Answering Paragraph 67 of the Complaint, Defendants respond that it consists of legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny each and every allegation of said Paragraph.

## SECOND CAUSE OF ACTION:

## VIOLATION OF UNRUH CIVIL RIGHTS ACT

## [Cal. Civil Code §§ 51 et seq.]

## (Alleged Against All Defendants)

68.     Answering Paragraph 68 of the Complaint, Defendants incorporate by reference their admissions and denials set forth in the preceding Paragraphs.

69.     Answering Paragraph 69 of the Complaint, Defendants respond that it consists of legal conclusions and argument to which no response is necessary.  To the extent a response is required, Defendants deny each and every allegation of said Paragraph.

70.     Answering Paragraph 70 of the Complaint, Defendants deny each and every allegation of said Paragraph.

71.     Answering Paragraph 71 of the Complaint,  Defendants deny that Ms. Greco has experienced barriers related to Uber's services, policies, and procedures, and lack sufficient knowledge or information as to the truth of the remaining allegations contained in this Paragraph and on that basis deny said allegations.

72.     Answering Paragraph 72 of the Complaint, Defendants respond that it consists of legal conclusions and argument to which no response is necessary. To the extent a response is required, Defendants deny any and all wrongdoing and deny each and every allegation in said Paragraph.

73.     Answering Paragraph 73 of the Complaint, Defendants deny that they engaged in any wrongdoing or discriminatory practices, and further deny each and every allegation of said Paragraph.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

11.

(Case No.  4:20-CV-02698-YGR)

1    74.    Answering Paragraph 74 of the Complaint, Defendants deny that they have

2   engaged in any wrongdoing or discriminatory practices, and deny each and every allegation of said

3   Paragraph.

4    75.    Answering Paragraph 75 of the Complaint, Defendants deny each and every

5   allegation of said Paragraph.

6    76.    Answering Paragraph 76 of the Complaint, Defendants deny each and every

7   allegation of said Paragraph.

8                                   **<u>PRAYER</u>**

9    1.    Answering the first paragraph for relief of the Complaint, Defendants admit that

10   Plaintiff seeks the remedy set forth in said Paragraph but deny that Plaintiff is entitled to any such

11   relief and further denies any wrongdoing.

12    2.    Answering the second paragraph for relief of the Complaint, Defendants admit

13   that Plaintiff seeks the remedy set forth in said Paragraph but deny that Plaintiff is entitled to any such

14   relief and further denies any wrongdoing.

15    3.    Answering the third paragraph for relief of the Complaint, Defendants admit

16   that Plaintiff seeks the remedy set forth in said Paragraph but deny that Plaintiff is entitled to any such

17   relief and further denies any wrongdoing.

18    4.    Answering the fourth paragraph for relief of the Complaint, Defendants admit

19   that Plaintiff seeks the remedy set forth in said Paragraph but deny that Plaintiff is entitled to any such

20   relief and further denies any wrongdoing.

21    5.    Answering the fifth paragraph for relief of the Complaint, Defendants admit

22   that Plaintiff seeks the remedy set forth in said Paragraph but deny that Plaintiff is entitled to any such

23   relief and further denies any wrongdoing.

24    6.    Answering the sixth paragraph for relief of the Complaint, Defendants admit

25   that Plaintiff seeks the remedy set forth in said Paragraph but deny that Plaintiff is entitled to any such

26   relief and further denies any wrongdoing.

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

12.

(Case No.  4:20-CV-02698-YGR)

7.     Answering the seventh paragraph for relief of the Complaint, Defendants admit that Plaintiff seeks the remedy set forth in said Paragraph but deny that Plaintiff is entitled to any such relief and further denies any wrongdoing.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendants allege that this Court lacks jurisdiction due to the presence of a binding arbitration agreement to which Plaintiff consented and which governs this dispute.

**SECOND AFFIRMATIVE DEFENSE**

Defendants do not provide a public transportation service or operate a taxi service within the meaning of 42 U.S.C. § 12184(a); 49 C.F.R. §§ 37.29, 37.3, 37.5, and are otherwise not subject to them.

**THIRD AFFIRMATIVE DEFENSE**

If Defendants are responsible in any respect for any injuries or damages suffered by Plaintiff, which Defendants expressly deny, such injuries or damages have been caused by or contributed to by others, and Defendants' proportional liability, if any should be reduced to the extent thereof.

**FOURTH AFFIRMATIVE DEFENSE**

The practices allegedly engaged in by the independent, third-party transportation providers identified in the Complaint are not the practices of Defendants, as the independent, third-party transportation providers are neither employees nor agents of Defendants as a matter of law, and Defendants are not, for purposes of the causes of action asserted in this matter, legally responsible for those practices.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff's claims for relief are barred or limited by the applicable statutes of limitations.

///

///

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

13.

(Case No.  4:20-CV-02698-YGR)

1

**SIXTH AFFIRMATIVE DEFENSE**

2

Defendants allege that modifying Defendants' policies, practices, or procedures in the

3

manner identified in the Complaint would fundamentally alter the nature of Defendants' services,

4

facilities, privileges or accommodations.

5

**SEVENTH AFFIRMATIVE DEFENSE**

6

Defendants allege that modifying Defendants' policies, practices, or procedures in the

7

manner identified in the Complaint would cause undue hardship to Defendants.

8

**EIGHTH AFFIRMATIVE DEFENSE**

9

Defendants allege that they are not subject to 42 U.S.C. § 12184 because the

10

transportation providers who choose to use the Uber Driver App to seek and accept ride requests are

11

independent third-party actors who are not agents of Defendants and whom Defendants do not employ

12

or control.

13

**NINTH AFFIRMATIVE DEFENSE**

14

Defendants allege that Plaintiff's lawsuit is judicially estopped from proceeding, and

15

she has released the claims asserted herein, because she is a member of a class which entered into a

16

nationwide class action settlement agreement and release with Defendants which encompasses the

17

instant claims here.

18

**TENTH AFFIRMATIVE DEFENSE**

19

Defendants allege that Plaintiff's causes of action are barred because her alleged

20

damages were not proximately caused by any unlawful policy, custom, practice and/or procedure

21

promulgated and/or tolerated by Defendants.

22

**ELEVENTH AFFIRMATIVE DEFENSE**

23

Defendants allege that Plaintiff cannot demonstrate that she is entitled to declaratory

24

relief because there is an adequate remedy at law.

25

**TWELFTH AFFIRMATIVE DEFENSE**

26

Insofar as Defendants are subject to 42 U.S.C. § 12184, Plaintiff has not requested that

27

Defendants make reasonable modifications to any policies, practices, or procedures.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

14.

(Case No.  4:20-CV-02698-YGR)

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2       Defendants allege that Plaintiff is barred from obtaining any recovery against

3  Defendants by reason of her failure to mitigate her alleged damages, if any, or, alternatively, any

4  damages or other relief awarded to Plaintiff must be reduced or limited to the extent of such failure to

5  mitigate.

6

### FOURTEENTH AFFIRMATIVE DEFENSE

7       Defendants allege that Plaintiff's claims for damages are precluded to the extent that

8  such damages are speculative.

9

### FIFTEENTH AFFIRMATIVE DEFENSE

10      Defendants allege that Plaintiff's Complaint and each cause of action set forth therein,

11  or some of them, are subject to the doctrines of set-off, offset, and/or recoupment on the part of

12  Defendants.

13

### SIXTEENTH AFFIRMATIVE DEFENSE

14      Defendants allege that Plaintiff's claims are barred, in whole or in part, by the doctrines

15  of waiver, consent, estoppel, unclean hands, laches, and unjust enrichment.

16

### SEVENTEENTH AFFIRMATIVE DEFENSE

17      Defendants allege that, without admitting to any of the acts, conduct or statements

18  attributed to them by Plaintiff, Plaintiff's claims for damages and punitive damages are barred because

19  the acts, conduct or statements contained in Plaintiff's Complaint were not taken with the advance

20  knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the

21  part of an officer, director or managing agent of Defendants or any of them.

22

### EIGHTEENTH AFFIRMATIVE DEFENSE

23      Defendants allege that Plaintiff fails to state a claim upon which prejudgment interest

24  may be granted because the damages claimed are not sufficiently certain to allow an award of

25  prejudgment interest.

26

### NINETEENTH AFFIRMATIVE DEFENSE

27      Defendants allege that any improper, illegal, or discriminatory actions by any

28  independent third-party transportation providers were independent, intervening, and unforeseeable

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

15.

(Case No.  4:20-CV-02698-YGR)

acts that were not ratified, confirmed, or approved by Defendants and, thus, cannot be attributed or imputed to Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrines of collateral estoppel, issue preclusion and/or res judicata.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege Plaintiff is estopped from bringing legal claims against Defendants based on the actions of independent third-party transportation providers because of the acknowledgements Plaintiff made when she accepted Uber's Terms and Conditions, among other reasons, which constitute a release, waiver and hold harmless.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is barred from relief in this action, in whole or in part, because she has released her claims, including pursuant to the class action settlement in *National Federation of the Blind v. Uber Technologies, Inc.*, 3:14-cv-04086-NC (N.D. Cal.)

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants do not operate a demand responsive system within the meaning of 42 U.S.C. § 12182.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such further defenses as may become available and apparent during the proceedings in this case, including discovery, and hereby reserves the right to amend this answer and assert such defenses.

WHEREFORE, Defendants UBER TECHNOLOGIES, INC., RASIER, LLC and RASIER-CA, LLC deny that Plaintiff is entitled to judgment in any amount or relief in any form whatsoever, deny that Plaintiff has stated a valid claim upon which relief may granted, and respectfully submit that the entire Complaint should be dismissed in its entirety on the merits and with prejudice, and that UBER TECHNOLOGIES, INC., RASIER, LLC and RASIER-CA, LLC be awarded their

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

16.

(Case No. 4:20-CV-02698-YGR)

1    costs incurred in defending this lawsuit, including their reasonable attorneys' fees, as well as such

2    other legal and equitable relief as the Court deems proper.

3

4    Dated:          February 4, 2021

5

6                                                      /s/ Andrew M. Spurchise
                                                   ANDREW M. SPURCHISE
7                                                  ALICE H. WANG
                                                   LITTLER MENDELSON, P.C.
8                                                  Attorneys for Defendants
                                                   UBER TECHNOLOGIES, INC., RASIER,
9                                                  LLC and RASIER-CA, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

17.

(Case No.  4:20-CV-02698-YGR)

1

## **FILER'S ATTESTATION**

Pursuant to Local Rule 5-1, I attest that concurrence in the filing of this document has been obtained from each of the other signatories

Dated:  February 4, 2021

_/s/ Alice H. Wang_
ALICE H. WANG
LITTLER MENDELSON, P.C.

4830-9958-4729.1 073208.1995

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' FIRST AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT

18.

(Case No.  4:20-CV-02698-YGR)